Mr. Chief Justice Johnson delivered the opinion of theCourt: This is a prosecution for false imprisonment. In order to establish this offence on the part of the State, she is only required to show the imprisonment, and when that is done, it devolves upon the defendant to prove that he was justified in what he did, and that the imprisonment was lawful. Every confinement of the person is an imprisonment, whether it be in a common prison or in a private house, or in the stocks, or even by forcibly detaining one in the public streets. Arch. Cr. L. 471. 2 Inst. 589. Cro. Car. 210. Com. Dig., Imprisonment. The defendant must either prove that he did not imprison the party, or ^r'must justify the imprisonment. Arch. Cr.LAll. The argument of the defendant’s counsel is, that, inasmuch as trespass will not lie against a party who sues out a regular and valid process, and that as false imprisonment includes a trespass, that therefore false imprisonment cannot be maintained under like circumstances. That the doctrine contended for is correct as a general and abstract proposition, we will not at this time controvert; but the question here to be determined is, wffiether such a state of fact is shown to exist as to make a parallel case, and consequently to warrant the conclusion attempted to be drawn. The charge is that the defendant did the act complained of without any legal warrant, authority or justifiable cause. If he has shown, upon the trial in the court below, that ho procured the arrest to be made under and by virtue of a regular and valid warrant, we think he has fully answered the charge preferred againsthim, and that consequently he stands justified in the eye of the law; but if, on the contrary, he has failed to show any legal warrant, authority or reasonable or justifiable cause whatsoever for the act, it is clear that the de-fence of justification is not made out, and that as a matter of coui’se the conviction is right. It is contended that the law does not absolutely require that the charge should be set out in the warrant of arrest. This was true at the common law, but is not so since the passage of our statute. The 21st Sec. of Chap. 52 of the Digest enacts that, “If it shall appear, on such examination, that any criminal offence has been committed, such officer shall forthwith issue a proper warrant, reciting the acquisition and commanding the officer to whom it shall be directed to take the accused without delay and bring him before such officer to be dealt with according to law.” The principle that secondary evidence, if not objected to at the time, is competent to go to the jury and that it is too late to object for the first time in the appellate court, is afamiliar one and will not be disputed. But the question here recurs whether, admitting the whole testimony to be technically competent and legal, it discloses a regular and valid warrant. The substance of the testimony bearing upon this part of the case is, that the special constable arrested Cook under a “process of some kind” which had been issued by a justice of the peace, that the process commanded the officer to take the body, that the arrest was made in ths same township in which it was issued, and that the defendant said he was having him arrested to get his rights. Do these facts show that Cook was arrested under a legal warrant? We think not. It is clear that as the defendant did not offer the warrant itself, but relied alone upon a showing of its contents, he should at least have made it appear that it ran in the name of the.State. It, may have been “some kind of process,” and yet utterly deficient in some of the essential requisites, of a valid writ. If he had attempted to justify under the warrant itself, and had offered the warrant in evidence, he most assuredly would have been held to the production of one legal and valid upon its face; and if so, it is manifest that he could not be excused from a similar showing when he rested and relied upon its contents, and that no presumption could obtain in favor of the latter that would not equally hold in respect to the former. From this view of the testimony, we consider it clear that the arrest was made without any legal warrant, and this being the case,the conclusion drawn from a supposed different state of fact, cannot be upheld. The defendant did not attempt to justify under any other authority, nor did he pretend that such a state of case existed as would have authorized him to do the act of his own accord and without a warrant. It is true that from the testimony it appears the defendant was not actually present when the arrest was made, yet, as he first put the law in motion, and was mainly instrumental in causing the act to be done, we consider him legally liable for the consequences. We have thus disposed of all the questions made by the motion for a new trial, which relate to the law and the testimony. The next and last relates to the finding as squaring with the instruction of the court. The instruction is, “ If the jury believe Cook went willingly, and would not have been compelled to go if he had not went willingly, it is no false imprisonment; but the manner of the arrest be what it may, if the jury believe that Cook had laid a plan to get himself arrested in order to render the persons arresting him liable, it is no false imprisonment.” The verdict is not believed to be at war with this instruction. It is true ihat there is some conflict in the evidence in respect to to the willingness of Cook to go with the officer, and that conflict the jury were perfectly competent to settle and adjust. This they have done and found, as they had the right to do, that he was carried against his will. We are, therefore, of opinion that, from the whole showing of record, the court below committed no error in refusing a new trial, and that consequently its judgment ought to be affirmed. It is, therefore, considered and adjudged that the judgment of the Circuit Court of Ouachita county, herein rendered, be, and the samé is hereby, in all things, affirmed.